ELMER E. HARRIS &. COMPANY, Appellant, v. CORA M.
UEBELHOER, Respondent.*

(Supreme Court, Erie Special Term, December, 1913.)

Judgment — by default — accrual of action — sales — pleading.

Where, after a judgment by default had been taken against defendant in an action for goods sold and delivered commenced in the City Court of Buffalo, a transcript of said judgment was duly filed in the county clerk's office and an execution thereon issued to the sheriff, the default was opened and answer filed and plaintiff filed an amended complaint containing two counts, first, for goods sold and delivered, as in the original complaint, and, second, a new promise to pay the judgment recovered by default in consideration of an extension of time, a judgment

_____

* Received too late for insertion in proper place.— REPR.

nonsuiting plaintiff must be reversed, as, although plaintiff on defendant's admission of liability was entitled to judgment on the count for goods sold and delivered, the cause of action alleged in the second count constituted an independent cause of action arising after the original action commenced and was enforcible in the pending suit.

APPEAL from a judgment of the City Court of Buffalo nonsuiting the plaintiff.

John A. Van Arsdale, for appellant.

H. Ford White, for respondent.

WHEELER, J.   The plaintiff originally brought an action against the defendant for goods sold and delivered.   Judgment was taken against the defendant by default, a transcript filed in the Erie county clerk's office, and execution thereon issued to the sheriff of Erie county.   The execution deputy called upon the defendant and requested payment of the execution, and it is claimed that after a conference with her and referring her to the under sheriff, who in turn consulted with the plaintiff's attorney, an extension of time to pay the judgment by execution was granted upon her request and wish to do so.

However, the defendant made a motion in the City Court to open the default, which was granted, and subsequently the case was restored to the calendar and an answer was filed, whereupon the plaintiff filed an amended complaint alleging the cause of action in two counts, the first count being substantially as plead in the original complaint for goods sold and delivered. The second count alleged, in substance, the recovery of the judgment by default, above referred to, and that thereafter, in consideration of an extension of time for the payment of the judgment and the execution, the defendant promised and agreed to pay the amount thereof.   In other words, the plaintiff set out

a new promise to pay the judgment recovered, in consideration of an extension of time.

The case came on for trial in the City Court. All the evidence given by the plaintiff was given by the under and deputy sheriff, who testified to the receipt of the execution and the conversations had with the defendant in reference to obtaining further time in which to pay the execution. The particulars of these conversations will be noted later in the opinion.

The appellant, however, contends and argues on this appeal that the extension of time of payment was supported by a valuable consideration, and that the plaintiff is entitled to recover on the promise so made.

The judge trying the case in the City Court granted a nonsuit, and from the judgment entered upon the nonsuit the appeal is taken to this court.

I do not think the plaintiff made out a case upon the second count or cause of action set out in its complaint. While the evidence is to the effect that the defendant expressed a wish to pay the amount of the execution, and asked for further time in which to do so, and the plaintiff's attorney consented to the sheriff giving further time for payment, nevertheless the testimony does not go to the extent of showing that in consideration of such extension of time, and as consideration of giving it, the defendant promised and agreed to pay the judgment in question. So far as the testimony shows, further time was given the defendant as matter of favor and grace, and not on condition that payment should be made at the expiration of the days of grace extended. But even though there were a valid promise on the part of the defendant enforceable in a proper action against the defendant, nevertheless it is manifest that such a promise cannot be enforced in this action, for the very reason that the right to recover upon such a promise would

Misc.]            Supreme Court, December, 1913.

constitute an independent cause of action arising after this action had been commenced, and one which did not exist at that time.

The question remains, however, whether the plaintiff has not made out a *prima facie* case of liability on the first count of the complaint which sets up a cause of action for goods sold and delivered.

The evidence is that a judgment had been obtained by default on the claim, and an execution issued to the sheriff, and the execution deputy had called on the defendant and asked payment, telling her that, unless paid, he would be compelled to return the execution unsatisfied. The defendant asked time, and was referred to the under sheriff, who was called on the telephone. The defendant repeated her request for time to the under sheriff, and stated she wished to pay the execution but wanted more time and did not want a levy made. He replied he had no authority to give any extension, and was asked by the defendant to consult with the plaintiff's attorney, which he did, and, after so consulting him, the under sheriff stated to the defendant that the plaintiff's attorney was willing to give the defendant an extension of four or five days.

While the evidence is quite inconclusive, nevertheless the statement and the request proven imply a recognition and an admission of a liability on the defendant's part for the indebtedness represented by and merged in the judgment. The complaint had been previously served upon her, and she was presumably acquainted with its allegations. She had, up to that time, made no defense to the claim, but suffered judgment to be taken against her by default, and, when pressed for payment of the execution, raised no question as to her liability, but expressed a wish to pay it, and asked for time.

These things are not conclusive on the defendant, and are, of course, subject to explanation, but in the absence of any explanation whatever, in our opinion, they are tantamount to an admission on the defendant's part of liability for the claim on which a recovery is sought. Had a bill for the goods in question been presented to the defendant, and she had promised to pay it, proof of such an acknowledgment and promise would have entitled the creditor to judgment in the absence of anything else. Here we have the claim specified in a complaint in an action, the failure to defend, the entry of judgment by default, and a wish or promise to pay it.

We think, therefore, there was some evidence which would justify a recovery. At least sufficient to cast the burden on the defendant of meeting the evidence produced.

We are of the opinion, therefore, that the judgment should be reversed, and a new trial had in the court below, with costs to abide the event.

*Judgment reversed, and new trial had in court below, with costs to abide event.*